1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    HALEY IP, LLC,                          Case No. 23-cv-02923-HSG

8                   Plaintiff,               **ORDER GRANTING DEFENDANT'S
                                             MOTION TO DISMISS**
9          v.
                                             Re: Dkt. No. 50
10   MOTIVE TECHNOLOGIES, INC.,

11                 Defendant.

12

13         Pending before the Court is Defendant Motive Technologies, Inc.'s motion to dismiss

14   Plaintiff Haley IP, LLC's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

15   Defendant moves to dismiss on the grounds that all claims of the asserted patent are invalid under

16   35 U.S.C. § 101.  For the following reasons, the Court **GRANTS** the Motion.[1]

**I.      BACKGROUND**

18         On January 16, 2023, Plaintiff brought this patent infringement action against Defendant

19   alleging infringement of United States Patent No. 10,204,261 (the "'261 patent").  *See* Dkt. No. 1.

20   The '261 patent relates to "a novel and improved camera system and associated methods for

21   monitoring a driver of a vehicle.".  *Id.* at ¶7.

22         According to the '261 patent, there was a need in the market "to know how much a vehicle

23   is driven, by whom, when, where, at what speed compared to the speed limit, carrying what load,

24   and whether any of the drivers take their eyes off the road for too long or engage in other risky

25   driving behaviors."  *See* '261 patent at 1:11-16.  This need was met in the prior art by the

26   installation of cameras "that take images of drivers while they are driving and send images to the

27

28   _____
     [1] The Court finds this matter appropriate for disposition without oral argument and the matter is
     deemed submitted. *See* Civil L.R. 7-1(b).

United States District Court
Northern District of California

insurance companies for a human review." *Id.* at 1:42-45.  The '261 patent is thus directed to an "improved device to do this and more" by automating various aspects of this process.  *Id.* at 1:45-59.

The '261 patent has 3 independent claims: claims 1, 16, and 17.  Claim 17 of the '261 patent recites:

> A system for use in a vehicle, comprising:
>
> (a) a camera adapted for installation in a vehicle aimed at a location to capture images of a driver's face;
>
> (b) coupled to the camera, a circuit that includes an image processor that processes image data to generate processed facial identifying data to identify human faces;
>
> (c) coupled to the circuit, a radio communications link with an antenna adapted for communications to a wide area radio network;
>
> (d) wherein the circuit reports to a server across the wide area radio network the processed facial identifying data regarding identity of a driver and issues auditory reports or visual reports or both to the driver of the vehicle when it reports to the server that the driver was exceeding a speed limit by more than a threshold.

*Id.* at 14:3-17.  Claims 1 and 16 are substantially identical to claim 17 except that instead of "issu[ing] auditory reports or visual reports or both to the driver of the vehicle when it reports to the server that the driver was exceeding a speed limit by more than a threshold," the system "instructs a mobile telephone to enter a restricted mode" and "reports that it has instructed the mobile telephone to enter a restricted mode" (Claim 1) or "if the mobile telephone does not respond that it has entered the restricted mode, reports to the server across the wide area radio network that the mobile telephone has not responded that it has entered the restricted mode." (Claim 16).  *See id.* at 12:2-18, 13:4-19.

On August 18, 2023, Defendant moved to dismiss the complaint on the ground that the '261 patent is invalid as a matter of law under 35 U.S.C. § 101.  *See* Dkt. No. 50.

## II.    LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  A defendant may move to

dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Section 101 of the Patent Act describes the scope of patentable subject matter as encompassing "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101.  It is well settled that laws of nature, natural phenomena, and abstract ideas are excluded from the universe of patentable subject matter. *See Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014).  These categories are not patent-eligible because "they are the basic tools of scientific and technological work," which are "free to all men and reserved exclusively to none." *Mayo Collaborative Servs. v. Prometheus Labs.*, 566 U.S. 66, 71 (2012) (citations omitted).  Allowing patent claims for laws of nature, natural phenomena, and abstract ideas would "tend to impede innovation more than it would tend to promote it," thereby thwarting the primary object of the patent laws. *Id*.  However, the Supreme Court has also recognized the need to "tread carefully in construing this exclusionary principle lest it swallow all of patent law." *Alice*, 573 U.S. at 217.

The Supreme Court and Federal Circuit have articulated a two-part test for determining whether a claim's subject matter is patent-eligible.  First, a court "determine[s] whether a claim is 'directed to' a patent-ineligible abstract idea." *Content Extraction & Transmission LLC v. Wells*

*Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1346-47 (Fed. Cir. 2014) (citing *Mayo*, 566 U.S. at 75-76).  If so, the Court then "consider[s] the elements of the claim—both individually and as an ordered combination—to assess whether the additional elements transform the nature of the claim into a patent-eligible application of the abstract idea." *Id*. at 1347.  "This is the search for an 'inventive concept'—something sufficient to ensure that the claim amounts to 'significantly more' than the abstract idea itself." *Id*. (quoting *Mayo*, 566 U.S. at 72-73).

To determine whether the "claim's character as a whole is directed to excluded subject matter" the Court evaluates the claimed "advance" over the prior art.  *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1325 (Fed. Cir. 2017) (quotation omitted).  "At *Alice* step one, 'it is not enough to merely identify a patent-ineligible concept underlying the claim; [the court] must determine whether that patent-ineligible concept is what the claim is 'directed to.''" *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1011 (Fed. Cir. 2018) (quoting *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016)).  The Court must "examine earlier cases in which a similar or parallel descriptive nature can be seen—what prior cases were about, and which way they were decided."  *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1294 (Fed. Cir. 2016).  Finally, in *Aatrix Software, Inc. v. Green Shades Software, Inc.*, the Federal Circuit emphasized that the question of eligibility may be determined at the pleadings stage "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law."  882 F.3d 1121, 1125 (Fed. Cir. 2018).

## III.   ANALYSIS

### A.   The Court Treats Claim 17 As Representative

As a threshold issue, the parties dispute whether claim 17 of the '261 Patent is representative.  *Compare* Dkt. No. 50 ("Mot.") at 17-18 *with* Dkt. No. 66 ("Opp.") at 5-6.  When assessing patent eligibility under 35 U.S.C. § 101, "[c]ourts may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).  Here, Plaintiff has failed to present any "meaningful argument" for the distinctive

United States District Court
Northern District of California

4

1   significance of any claim limitations not found in claim 17, merely asserting that "each

2   independent claim is novel for different reasons."  Opp. at 6.[2]  Such "cursory comments . . . do not

3   present meaningful arguments for meaningful differences."  *Splunk Inc. v. Cribl, Inc.*, No. 22-CV-

4   07611 WHA, 2023 WL 2562875, at *5 (N.D. Cal. Mar. 17, 2023).  Accordingly, the Court treats

5   claim 17 of the '261 Patent as representative.

6           **B.   *Alice* Step One**

7           Proceeding to the first part of the two-part test outlined in *Alice*, the Court finds that the

8   claims of the '261 patent are directed to the abstract idea of (1) identifying the driver of a vehicle,

9   (2) detecting driver behavior and/or vehicle activity, and (3) taking corresponding actions in

10  response.  The claimed system comprises generic computer and network components – a

11  "camera," a "circuit," a "processor," a "radio communications link with an antenna," and a

12  "server" – wherein these components capture an image of the driver's face, process the data to

13  identify the driver, communicate with a server regarding the data, and take various actions (e.g.,

14  issuing a report) in response to certain driver activity or vehicle data (e.g., exceeding a speed

15  threshold).

16          When analyzing whether a claim is directed to an abstract idea, it is helpful for courts to

17  ask whether the claims' steps "can be performed in the human mind, or by a human using a pen

18  and paper." *OpenTV, Inc. v. Apple, Inc.*, 2015 WL 1535328, at *4 (N.D. Cal. Apr. 6, 2015)

19  (quoting *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011));

20  *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361–62 (Fed. Cir. 2023).  Defendant

21  argues, and the Court agrees, that the '261 patent recites steps that a person, such as a passenger in

22  a vehicle, could perform.  Claim 17 requires that the system capture an image of the driver's face,

23  process the image data to identify the driver's face, report the identity of the driver, and issue

24  auditory or visual reports when it reports that the driver was exceeding a certain speed threshold.

25  While the claimed system uses computer and networking components to accomplish the result,

26

27  [2] Plaintiff argues that claim 17 is not representative because the U.S. Patent and Trademark Office found each independent claim novel, but the same is true for all claims not rejected on novelty

28  grounds by the patent office.  Plaintiff does not make any meaningful argument as to why the independent claims of the '261 are distinct for purposes of patent eligibility under Section 101.

United States District Court
Northern District of California

1   nothing in the claim language or specification suggests a human would not be able to perform

2   those same steps.  For example, a human passenger in a vehicle could also capture an image of the

3   driver's face, recognize a driver, report that information to a database, and issue reports when a

4   certain speed threshold is crossed.  Indeed, the specification even states that, in the prior art,

5   certain of the claimed steps were performed manually by humans.  *See* '261 patent at 1:42-45,

6   Opp. at 7.  The Federal Circuit has repeatedly recognized that claims directed to the collection,

7   organization, and transmission of data are "within the realm of abstract ideas."  *Elec. Power Grp.,*

8   *LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (collecting cases); *see also*, *Content*

9   *Extraction*, 776 F.3d at 1347 ("The concept of data collection, recognition, and storage is

10   undisputedly well-known.").

11          Plaintiff argues that the claim's requirements of specific technological components

12   (camera, image processor, and antenna) preclude a finding of patent ineligibility.  Opp. at 6.  Not

13   so.  The fact that some technology (e.g., a camera) may be required does not mean that the claims

14   are not abstract, when the technology claimed is only conventional components performing their

15   basic functions.  For example, in *Yu v. Apple Inc.*, 1 F.4th 1040 (Fed. Cir. 2021), *cert. denied*, 142

16   S. Ct. 1113 (2022), the Federal Circuit affirmed a finding that a patent claiming an improved

17   digital camera system using two image sensors was directed to the abstract idea of "taking two

18   pictures (which may be at different exposures) and using one picture to enhance the other in some

19   way."  *Id.* at 1043.  The Federal Circuit found that the "idea and practice of using multiple pictures

20   to enhance each other has been known by photographers for over a century" and that "[o]nly

21   conventional camera components are recited to effectuate the resulting 'enhanced' image."  *Id.*

22   Here too, the components recited in the '261 patent "were well-known and conventional" and "as

23   claimed, these conventional components perform only their basic functions . . . and are set forth at

24   a high degree of generality."  *Id.*

25          Plaintiff further argues that the '261 patent cannot be directed to an abstract idea because it

26   is an improvement over prior art and identified an unmet need at the time of invention.  The Court

27   disagrees.  Plaintiff confuses an inventive concept with novelty, which does not necessarily

28   transform an abstract idea into a patentable one.  *See, e.g.*, *SAP Am., Inc. v. InvestPic, LLC*, 898

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1   F.3d 1161, 1163 (Fed. Cir. 2018) ("We may assume that the techniques claimed are

2   groundbreaking, innovative, or even brilliant, but that is not enough for eligibility.");

3   *Ultramercial, Inc. v. Hulu*, LLC, 772 F.3d 709, 715 (Fed. Cir. 2014) ("We do not agree ... that the

4   addition of merely novel or non-routine components to the claimed idea necessarily turns an

5   abstraction into something concrete.").  The improvements claimed in the '261 patent are not

6   directed to improvements in *computer functionality*, but merely improvements in efficiency or

7   speed by automating review of vehicle camera images and driver behavior that was previously

8   accomplished via human review.  The fact that computer components can carry out the abstract

9   idea faster and more efficiently is "insufficient to render the claims patent eligible."  *Enco Sys.,*

10  *Inc. v. DaVincia, LLC*, 845 F. App'x 953, 957 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 435

11  (2021).

12          For a similar reason, Plaintiff's reliance on *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879

13  F.3d 1299 (Fed. Cir. 2018), is misplaced.  In *Finjan*, the Federal Circuit held that a patent directed

14  to an innovative method of virus scanning was patent eligible as an improvement in computer

15  functionality.  *Finjan*, 879 F.3d at 1304.  Notably, in that case, the Federal Circuit relied heavily

16  on the district court's narrow construction of the claims – specifically, that the limitation of a

17  "security profile that identifies suspicious code" meant a profile that included all potentially

18  hostile operations based upon a novel, "behavior-based" virus scan detailed in the specification

19  and involving a new kind of computer file.  *Id.*  The Federal Circuit held that this specific

20  methodology was not merely directed to the abstract idea of "virus scanning" but was instead a

21  concrete inventive improvement to an existing computer functionality.

22          Here, there is no construction (and Plaintiff has not proposed any) that requires a specific

23  method of implementing the results of the claimed invention.  Instead, the patented claims merely

24  recite a desired result – facial recognition of a driver and taking actions in response to certain

25  driver activity or vehicle data – which is accomplished using "conventional components

26  performing their basic functions."  *Yu*, 1 F.4th at 1043.  Finally, to the extent Plaintiff relies on

27  details set forth in the specification relating to the specific implementation of the claimed system

28  (e.g., Opp. at 8-9), the absence of those details from the claim language militates against patent

1    eligibility.  *See Yu*, 1 F.4th 1044-45 ("In these circumstances, the mismatch between the

2    specification statements that [the patentee] points to and the breadth of claim 1 underscores that

3    the focus of the claimed advance is the abstract idea and not the particular configuration discussed

4    in the specification that allegedly departs from the prior art.").

5         **C.    *Alice* Step Two**

6         Turning to step two of the *Alice* inquiry, the Court considers "whether the claimed

7    elements— 'individually and as an ordered  combination'—recite an inventive concept."  *Cellspin*

8    *Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316 (Fed. Cir. 2019) (quoting *Alice*, 573 U.S. at 217).

9    Here, the Court finds that the '261 patent does not recite an inventive concept sufficient to elevate

10   the claims beyond a mere abstract idea.

11        Plaintiff does not dispute that the claimed elements, taken individually, recite generic

12   computer and network components such as a "camera," a "circuit," a "processor," a "radio

13   communications link with an antenna," and a "server."  Instead, Plaintiff argues that, considered as

14   a whole, the '261 patent represents an improvement over the prior art and is therefore transformed

15   into a patent-eligible invention.  Opp. at 14.  Again, Plaintiff conflates novelty under 35 U.S.C. §§

16   102 and 103 with inventiveness under 35 U.S.C. § 101 and *Alice*.  In Plaintiff's own words, "the

17   '261 patent identifies an unmet need . . . to know how much a vehicle is driven, by whom, when,

18   where, at what speed compared to the speed limit, carrying what load, and whether any of the

19   drivers take their eyes off the road for too long or engage in other risky driving behaviors" and is

20   an improvement on prior art where "cameras could be installed in vehicles to take images of

21   drivers while they are driving and the images could be sent to insurance companies for human

22   review."  Opp. at 7.  In other words, the claimed novelty stems from using generic computer

23   components to carry out an abstract idea faster and with more efficiency than a person, and not a

24   "non-conventional and non-generic arrangement of known, conventional pieces."  *Bascom Glob.*

25   *Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).  Accordingly,

26   the Court finds that the '261 patent claims fail to recite an inventive concept sufficient to

27   transform the patent from an abstract idea to a patent-eligible invention.

28

**D.     Leave to Amend**

Defendant seeks dismissal of the complaint with prejudice, and Plaintiff does not respond to this argument or ask for leave to amend.  The Court is skeptical that any additional allegations could establish that the asserted claims are directed to patent eligible subject matter, given the language of the patent itself and the legal standards discussed above.  But it cannot definitively say at this stage that amendment necessarily would be futile.  Accordingly, the Court will grant Plaintiff one opportunity to file an amended complaint.

## IV.     CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss the complaint with leave to amend.[3] Any amended complaint must be filed within 21 days of the date of this order.  Failure to remedy the deficiencies described in this order will result in dismissal with prejudice and without further leave to amend.

The Court further **CONTINUES** the case management conference to December 19, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court further **DIRECTS** the parties to meet and confer and submit a joint case management statement by December 12, 2023.

**IT IS SO ORDERED.**

Dated: October 23, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

[3] Defendant moves to dismiss the entire complaint on the grounds that all claims of the '261 patent are invalid under Section 101.  *See* Mot. at 13, 25.  Plaintiff does not contest Defendant's challenge as to all claims of the '261 patent, and the Court accordingly treats all claims of the '261 patent as asserted and grants Defendant's motion as to all claims.

9